IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIVIAN FLORENCE PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 2:11cv343-WC |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff, Vivian Florence Pierce, applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*.  Her application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from October 31, 2007 through the date of his decision.  Tr. 25.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. Tr. 1-5.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129,

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.    ADMINISTRATIVE PROCEEDINGS**

Plaintiff was twenty-six years old at the time of the hearing before the ALJ. Tr. 20, 33. Plaintiff has a tenth grade education. Tr. 20, 34. Plaintiff's past relevant work experience was as a "weather window stripper, taking apart fuel pumps, and recycling." Tr. 20, 34. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since October 31, 2007, the alleged onset date." (Step 1) Tr. 18. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "Diabetes Mellitus, type I, and Seizure Disorder." *Id.* The ALJ then found that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) *Id.* Next, the ALJ found that Plaintiff

> has the residual functional capacity to perform unskilled, light work . . . . She can lift and carry no more than 20 pounds occasionally and 10 pounds frequently; she can occasionally push/pull, climb ladders or stairs, grasp, twist and handle, perform fine finger manipulation, and reach; she can rarely work around hazardous machinery; she can never operate a motor vehicle; and it may be necessary for her to be absent from work two days per month as the result of her impairments or treatment.

Tr. 19. The ALJ then found that Plaintiff is unable to perform any past relevant work. (Step 4) Tr. 24.[5] At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr.

---

[5] The VE classified Plaintiff's past relevant work as a "small products assembler." Tr. 24.

24. The ALJ identified the following occupations as examples: "Information Clerk" and "surveillance System Monitor." Tr. 25. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from October 31, 2007 through the date of []his decision." Tr. 25.

### IV. PLAINTIFF'S CLAIMS

Plaintiff presents one issue for this Court's consideration in review of the ALJ's decision: whether "[t]he Commissioner's decision should be reversed because the ALJ failed to follow the 'slight abnormality' standard in finding that [Plaintiff's] 'mental deficiency' is non-severe." Pl.'s Brief (Doc. #12) at 5.

### V. DISCUSSION

#### *Whether the ALJ properly evaluated Plaintiff's mental deficiency.*

Plaintiff's makes three arguments in support of her claim. Plaintiff argues: 1) that the ALJ failed to follow the 'slight abnormality' standard in finding that [Plaintiff's] 'mental deficiency' is non-severe; 2) that the ALJ did not include any specific mental limitations in his RFC assessment; and 3) that the ALJ did not order a consultative examination. Pl.'s Brief (Doc. #12) at 12. Plaintiff essentially argues the ALJ did not properly evaluate her mental impairment.

> **1. Whether the ALJ failed to follow the "slight abnormality" standard.**

Plaintiff argues that "the ALJ's decision is devoid of the proper analysis of a mental impairment." Pl.'s Brief (Doc. #12) at 6. Plaintiff cites to *Moore v. Barnhart*, 405 F.3d 1208

(11th Cir. 2005), arguing that the ALJ was required to evaluate Plaintiff's mental impairments using a Psychiatric Review Technique Form, which requires separate evaluations of how Plaintiff's mental impairment impacts her four functional areas. *Id.* Plaintiff concludes that the ALJ erred because he "failed to analyze any of the four functional areas." *Id.*

The problem with Plaintiff's argument is that she argues the ALJ failed to properly evaluate a mental impairment that she never even alleged. The Eleventh Circuit has found, and Defendant correctly points out, that "an administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (unpublished) (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) (internal quotation marks omitted)). Here, the Plaintiff did not list any mental impairment in her application for disability benefits, nor did she testify at the hearing that she suffers any mental deficiency that would affect her ability to work.[6] Moreover, the record contains no diagnosis that Plaintiff suffers from a mental illness. Plaintiff's brief points out that Dr. Davis, Plaintiff's treating physician, and Dr. Ellis, consultative examiner, referenced a mental condition or impairment in their treatment notes for Plaintiff. Pl.'s Brief (Doc. #12) at 8. However, neither Dr. Davis nor Dr. Ellis are qualified mental examiners nor do their brief

---

[6] At the hearing, Plaintiff indicated her diabetes and epilepsy keep her from working due to the stress they cause her. Tr. 35.

statements in the treatment notes qualify as objective medical evidence of a mental impairment.

Moreover, neither Plaintiff nor her attorney mentioned these notations to the ALJ during the administrative hearing, nor was it ever argued during the administrative proceedings that Plaintiff suffered from a mental impairment. Indeed, Plaintiff failed to identify in her brief from what mental impairment she suffers that would limit her ability to work. Thus, "[Plaintiff] failed to present any evidence to the ALJ that would have put him on notice of a mental or intellectual limitation on [Plaintiff's] ability to function." *Street*, 133 F. App'x at 628.[7]

In order to trigger the ALJ's duty to complete a Psychiatric Review Technique Form and incorporate its mode of analysis into his findings and conclusions, Plaintiff must first make a colorable claim of a mental impairment. *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) (*"[W]here a claimant has presented a colorable claim of mental impairment*, the social security regulations require the ALJ to complete a PRTF.") (emphasis added).

---

[7] At least one other circuit has found that an ALJ did not err in failing to consider a possible mental impairment when the record contained only isolated and sporadic references to an impairment. *See, e.g.*, *Wilson v. Barnhart*, 210 F. App'x 448, 450 (5th Cir. 2006) (finding no error when the only evidence of depression cited by the plaintiff was one page out of the hundreds of pages of medical records in which her physician indicated "possible depression"); *Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004) (finding no error when claimant did not raise depression as an impairment at the administrative level and on appeal "pointed to no evidence indicating that her alleged depression affected her ability to work"); *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995) (holding no error in not considering alleged mental impairments because claimant never raised the issue of a mental impairment until his appeal to Court of Appeals, and, although the record contained references to anxiety, stress, and depression, those comments were isolated, and the claimant was never treated for those conditions.).

Because Plaintiff failed to even raise the issue of a mental impairment, much less provide objective evidence, she failed to present a colorable claim of a mental impairment that would trigger the ALJ's duty to complete a Psychiatric Review Technique Form. Thus, Plaintiff's argument lacks merit.

## 2.     Whether the ALJ properly determined Plaintiff's RFC.

Next, Plaintiff argues "the ALJ failed to include any specific limitations in his RFC based upon [Plaintiff's] mental impairment." Pl.'s Brief (Doc. #12) at 6. The problem again is that Plaintiff is putting the cart before the horse. As Defendant points out, "the ALJ was not required to consider Plaintiff's alleged mental impairment because she did not produce objective evidence sufficient to suggest a reasonable possibility that a severe mental impairment existed." Def.'s Brief (Doc. #) at 9. Because the ALJ properly found that Plaintiff does not suffer from a mental impairment, the ALJ properly did not include mental limitations in Plaintiff's RFC.

In reaching his determination regarding Plaintiff's RFC, the ALJ noted Plaintiff "has a 10th grade education; she can read, write, add subtract; she can do simple math." Tr. 20.[8] He further noted "that the claimant testified that she can go shopping and banking; she can bend, stoop and squat; she can use her hands; she can prepare meals; she can dress herself; she can do her hair; she can do some housework; she has help with the chores such as laundry and dishes; she can visit family and friends; she likes to make key chains, play video games,

---

[8] Plaintiff does not allege nor is there any evidence on the record that Plaintiff completed the tenth grade in special education classes.

and watch television; on a daily basis, she plays with the dog, feeds the fish, and helps do the chores." Tr. 23. Accordingly, the ALJ "conclude[d] that the claimant's ability to engage in a wide array of activities of daily living is persuasive evidence that the claimant's alleged symptoms resulting from physical and/or mental impairments are not totally disabling." *Id.* Moreover, the ALJ's RFC determination limited Plaintiff to unskilled, light work and also accounted for Plaintiff's alleged stress indicating "it may be necessary for her to be absent from work two days per month as the result of her impairments or treatment." Tr. 19. Accordingly, the ALJ's RFC determination is proper.[9]

### 3. Whether the ALJ failed to order a psychiatric evaluation.

Lastly, Plaintiff argues that "the ALJ should have at least ordered a psychiatric evaluation of [Plaintiff] based upon the notations in the medical record as well as her hearing testimony. This is more so the case as [Plaintiff's] case is devoid of any psychological assessment by the Commissioner." Pl.'s Brief (Doc. #12) at 11.

The ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). However, the Eleventh Circuit has found that the ALJ should order a consultative psychiatric examination

---

[9] The court also finds it instructive that Plaintiff's past relevant work was as a "weather window stripper, taking apart fuel pumps, and recycling," a position she held for two years. Plaintiff indicated that she stopped working because she was harassed by co-workers. Tr. 22, 283. Plaintiff does not allege nor is there any evidence in the record indicating that she stopped working, or suffered any work limitations, due to a mental deficiency.

when the combination of the claimant's testimony and the opinions of the treating physician(s) indicates the existence of a mental impairment. *See McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988).

In this case, the ALJ was not required to order a psychiatric evaluation because there were not sufficient suggestions of mental impairment in the record "to require the administrative law judge to question [Plaintiff's] mental capacity and order a consultative examination." *Ingram v. Comm'r. of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Indeed, "[i]t is Plaintiff's burden, not the Commissioner's, to establish a disability." *Russell v. Astrue*, 2010 WL 3827982, *12 (N.D. Ga. 2010). As noted above, here, the record contains no diagnosis that Plaintiff suffers from a mental impairment and Plaintiff never even alleged a mental impairment. Thus, Plaintiff's argument that the ALJ should have ordered a psychiatric evaluation is due to fail.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 12th day of April, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE